UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
AEP ENERGY SERVICES GAS HOLDING
COMPANY, HOUSTON PIPE LINE
COMPANY LP, and HPL RESOURCES
COMPANY LP,

                Plaintiffs,

        - against -

BANK OF AMERICA, N.A., as
"ADMINISTRATIVE AGENT," as "MASTER
SWAP COUNTERPARTY," as "SECURED
PARTY," and as "PURCHASER," and THE
BANK OF NEW YORK, as TRUSTEE OF THE
BAMMEL GAS TRUST,

                Defendants.
------------------------------------------x

05 CV 4248 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/06

Plaintiffs have moved for leave to file a second amended complaint. Plaintiffs have also moved to dismiss Count V of defendants' counterclaim. The motion for leave to file a second amended complaint is granted in part and denied in part, and the motion to dismiss Count V of defendants' counterclaims is denied.

Plaintiffs' Motion for Leave to File a Second Amended Complaint

Plaintiff's proposed Second Amended Complaint would (1) eliminate AEPGH as a plaintiff; (2) restate the declaratory claims (Counts I-V) but eliminate the contract and tort claims (Counts V-IX); (3) amend

Count IV of the complaint to request a declaratory judgment that "Bank of America and BONY's sole recourse for Enron's defaults in connection with the Bammel Gas Financing was against Enron"; and (4) add a new Count VI for declaratory judgment that, as a result of the Settlement Agreement approved by the Bankruptcy Court on January 15, 2004, "defendants' have released and waived their rights under the agreements comprising the Bammel Gas Financing."

The part of plaintiffs' motion to amend which seeks to eliminate AEPGH as a plaintiff in this action and to eliminate the contract and fraud claims has been the subject of extensive discussion at two recent conferences before the court. It has essentially been agreed that the portion of plaintiffs' motion to amend that would eliminate AEPGH as plaintiff and eliminate the contract and fraud claims would be denied.

As to plaintiffs' proposal to amend Count IV and to add a new Count VI, defendants oppose these amendments on the grounds that they are futile. The court disagrees and rules that these proposed amendments should be allowed.

## Plaintiffs' Motion to Dismiss Count V of Defendants' Counterclaims

Plaintiffs have also moved to dismiss Count V of defendants' counterclaims. The motion to dismiss was filed prior to the conferences before the court in which it was resolved that all claims would remain in this court. Accordingly, Count V of defendants' counterclaims is properly before the court, and plaintiffs' motion to dismiss is denied.

## CONCLUSION

Plaintiffs' motion to amend is denied in part and granted in part as indicated above. Plaintiffs' motion to dismiss Count V of defendants' counterclaims is denied.

Dated: New York, New York
January 5, 2006

SO ORDERED

Thomas P. Griesa
U.S.D.J.