UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AEP ENERGY SERVICES GAS HOLDING
COMPANY, et al.,                                :    05 Civ. 4248 (TPG)

                 Plaintiff,         :    **OPINION**

                - against -         :

BANK OF AMERICA, N.A., *et ano.*,              :

                Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/09

     Plaintiffs in this action are AEP Energy Services Gas Holding Company, Houston Pipe Line Company LP, and HPL Resources Company LP. All plaintiffs will be referred to collectively as AEP. Defendants are Bank of America ("BofA") and Bank of New York ("BONY"). BONY is the trustee of an entity known as Bammel Gas Trust ("Bammel").

     This has been a lengthy and difficult litigation in which defendants have prevailed against the claims of AEP and, most significantly, defendants have prevailed on their counterclaims. This litigation has embraced proceedings in the federal court in Texas, the federal court in New York, and also in Texas state court. Defendants have obtained an award of damages exceeding $411 million.

     The final phase of the litigation relates to a motion filed by defendants seeking an award of attorneys' fees under Fed. R. Civ. P. 54(d)(2). The court has already ruled on most of the issues relating to the fee application, leaving

only the amount of the award to be decided.

At a hearing held on November 21, 2008, the court ruled that defendants would be entitled to recover attorneys' fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8), which provides that a "person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Defendants' counterclaims are essentially for breach of contract and they are asserted under Texas law.  At the hearing, the court ruled that there should be a recovery of fees not only in connection with defendants' prevailing contract-based counterclaims, but also for fees incurred by defendants in defending against plaintiffs' arguments of fraud designed to thwart the contractual counterclaims.  It should also be noted that the court decided to allow recovery of fees not only for work in the federal court actions, but also in the Texas state court action to the extent that the latter work was used to advance the counterclaims in the federal court litigation.

At the November 21, 2008 hearing the court did not have complete submissions regarding the amount of the fees to be awarded.  Such submissions have subsequently been made.

BofA has paid a total of over $31 million to the attorneys who have acted for them in this litigation.  It appears that there was a substantial amount of work carried on by BofA's attorneys which did not relate to the contractual

-3-

counterclaims.  BofA concedes that such work cannot be the basis of recovery of fees under Section 38.  Thus, the request for fees is for $19.65 million, and not for the full $31 million spent on this difficult litigation in its entirety.  It should be noted that the application relates only to the work of the attorneys, and does not include any non-lawyer time, and also does not include costs and disbursements.

The fee request here is based entirely upon invoices actually submitted and paid.  The invoices contain enormously detailed descriptions of work carried out.  What is presented in this fee application are summaries from the invoices relating to work recoverable under Section 38.  The court has no doubt whatever about the credibility of these materials, in representing an accurate description of what work was done, and at what cost, in connection with those phases of the litigation where fees can be properly claimed under Section 38.

On the issue of reasonableness, the Texas Supreme Court set forth certain relevant factors.  <u>Arthur Andersen & Co. v. Perry Equipment. Corp.</u>, 945 S.W.2d 812, 818 (Tex. 1997).  The court has carefully considered the law as declared by the Texas Supreme Court, including the listed factors.

As a result, the court has no question about the reasonableness of the amount applied for.  The court has personally observed the work of the attorneys for both sides in the New York phase of the litigation.  This is not a situation of a claim for fees based on early settlement.  This case was fought to

-4-

the bitter end. Lawyers for both sides were of the highest caliber and the contest necessitated exertion on many fronts. The stakes were large, as witnessed by the $411 million judgment. The court finds with complete confidence that an award of the $19.65 million requested by BofA is entirely reasonable.

Dated: New York, New York
      May 29, 2009

SO ORDERED

_____
Thomas P. Griesa
U.S.D.J.